# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JASON BECKMAN,

        Plaintiff,

v.

LESTER BROTHERS
EXCAVATION INC.,

        Defendant.

Case No. 2:21-cv-12396

Hon.

_____

## COMPLAINT AND JURY DEMAND

Plaintiff, JASON BECKMAN, by and through his attorneys, BLANCHARD & WALKER, PLLC, files this Complaint against Defendant LESTER BROTHERS EXCAVATION INC. ("Lester Brothers" or "Defendant"). As more specifically set forth below, Defendant interfered with Plaintiff's rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, discriminated against Plaintiff on the basis of his disability under the Michigan Persons with Disabilities Civil Rights Act ("PDCRA"), M.C.L. § 37.1101 *et seq.*, and retaliated against Plaintiff for engaging in protected activity under the FMLA and the PDCRA. Plaintiff seeks all available relief under the FMLA and the PDCRA.

## PARTIES AND JURISDICTION

1. Plaintiff Jason Beckman is a resident of Jackson, Michigan in the County of Jackson. Plaintiff performed work for Defendant in Michigan, including in Jackson County, Michigan.

2. Defendant Lester Brothers Excavation Inc. is a Corporation. Defendant regularly transacts business throughout the State of Michigan, including in Jackson County, Michigan.

3. This lawsuit includes claims under the FMLA and Michigan's PDCRA.

4. Defendant was engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

5. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. § 1331 and over state claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391, as Defendant transacts business in the Eastern District of Michigan and Plaintiff performed work for Defendant in the Eastern District of Michigan.

7. Plaintiff is in the process of filing a charge with the Equal Employment Opportunity Commission ("EEOC") alleging claims under the Americans with Disability Act ("ADA"), 42 U.S.C. § 12101 *et seq*. After he has

exhausted administrative remedies with the EEOC, Plaintiff will be amending this Complaint to add claims under the ADA.

## GENERAL ALLEGATIONS

8. Plaintiff Jason Beckman worked for Defendant from April 2018 until on or around June 1, 2021.

9. Throughout his employment, Plaintiff held the position of Heavy Equipment Diesel Mechanic.

10. As a Heavy Equipment Diesel Mechanic, Plaintiff's primary duties were to maintain and repair Defendant's large, heavy duty vehicles, including semi-trucks.

11. Throughout his employment with Defendant, Plaintiff has suffered a chronic health condition, Rheumatoid Arthritis. Plaintiff's Rheumatoid Arthritis appears in multiple joints, including but not limited to both wrists.

12. Plaintiff was diagnosed with his chronic health condition on or around August 23, 2017. When he experiences flare-ups of his condition, he has debilitating symptoms such as severe joint pain and fatigue, among other things.

13. When Plaintiff experiences flare-ups of his chronic health condition, Plaintiff is substantially limited in the performance of major life activities, including but not limited to the major life activities of performing manual tasks and lifting.

14. Plaintiff performed his job at a high level while working for Defendant.

15. Plaintiff was never subject to discipline while working for Defendant.

16. Defendant's management, including Human Resources representative Sally Scott and manager Troy Shelhart, have been aware of Plaintiff's health condition since early in Plaintiff's employment with Defendant.

17. Prior to March 2021, Plaintiff performed his job without the need for any accommodations.

18. In March 2021, Plaintiff experienced a severe flare-up of his chronic Rheumatoid Arthritis. As a result, Plaintiff was temporarily unable to perform some manual tasks or lift heavy items, impacting his ability to work as a Heavy Equipment Diesel Mechanic.

19. After Plaintiff made a request for FMLA leave, Defendant stated that Plaintiff was eligible for FMLA leave beginning on March 24, 2021.[1] (Ex. 1, Notice of Eligibility & Right and Responsibilities under the Family and Medical Leave Act).

20. Plaintiff needed this time off work as a reasonable accommodation for his health condition.

---

[1] The Notice has three typos reflecting the incorrect year for the cited dates. All dates should refer to the year 2021.

21. On May 13, 2021[2], Defendant approved Plaintiff for leave under the FMLA. (Ex. 2, Designation Notice). Defendant faxed FMLA paperwork to Plaintiff's treating physician, but failed to provide any type of written notice to Plaintiff that he had been approved for leave.

22. On or around the same date Defendant approved Plaintiff's FMLA request, Defendant requested additional information from Plaintiff's medical providers concerning Plaintiff's health condition.

23. Throughout his medical leave, Plaintiff complied with all requests for information from Defendant.

24. Plaintiff regularly updated his Human Resources representative, Sally Scott, about his medical condition.

25. On or around May 27, 2021, Plaintiff learned that Ms. Scott had received medical information that indicated that Plaintiff's medical providers had conflicting recommendations for Plaintiff's treatment and return to work.

26. Plaintiff informed his direct supervisor, Troy Shelhart, that he had an appointment coming up soon with a specialist who should be able to provide additional information regarding Plaintiff's condition.

---

[2] The Notice has one typo reflecting the incorrect year for the date cited. All dates should refer to the year 2021.

27. On or around May 27, 2021, Plaintiff expressed concerns to Mr. Shelhart that he was not sure he would be able to return to work but was continuing to explore treatment options.

28. Mr. Shelhart asked Plaintiff whether he would be interested to return to work in a different position. Plaintiff expressed a strong desire to return to work with accommodations.

29. On June 24, 2021, Plaintiff learned that he had been terminated effective June 1, 2021.

30. Defendant terminated Plaintiff's employment while he was on approved FMLA leave.

31. At the time of termination, Defendant was aware that accommodations alternative to medical leave may be available.

32. Defendant failed to engage in the interactive process with Plaintiff prior to terminating his employment to determine what type of accommodations he needed.

33. Defendant falsely stated in a termination letter to Plaintiff that Plaintiff resigned. (Ex. 3, Termination Letter).

## COUNT I: Interference
**(Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*)**

34. Plaintiff adopts the previous paragraphs by reference.

35. Plaintiff is an individual and was an "eligible employee" within the meaning of the FMLA at all times relevant to this Complaint.

36. Defendant was an "employer" within the meaning of the FMLA at all times relevant to this Complaint.

37. At the time of the incidents relevant hereto, Plaintiff had been employed by Defendant for over three years.

38. At all relevant times, Plaintiff had a "serious health condition" within the meaning of the FMLA.

39. Defendant interfered with, restrained, and/or denied Plaintiff's exercise of his rights under the FMLA by failing to provide him with written notice regarding whether his leave would be designated as FMLA leave and terminating him while he was on approved FMLA leave.

40. Defendant's actions were willful and with deliberate disregard for the rights of Plaintiff.

41. As a result, Plaintiff was harmed, and continues to be harmed, in that he has suffered economic loss, damage to his professional reputation, emotional distress, and damage to his health.

## Count II: Retaliation
### (Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*)

42. Plaintiff adopts the previous paragraphs by reference.

43. Plaintiff is an individual and was an "eligible employee" within the meaning of the FMLA at all times relevant to this Complaint.

44. Defendant was an "employer" within the meaning of the FMLA at all times relevant to this Complaint.

45. At the time of the incidents relevant hereto, Plaintiff had been employed by Defendant for over three years.

46. At all relevant times, Plaintiff had a "serious health condition" within the meaning of the FMLA.

47. Plaintiff engaged in protected activity under the FMLA by requesting leave under the FMLA.

48. Defendant retaliated against Plaintiff for engaging in protected activity by terminating his employment while Plaintiff was on approved leave under the FMLA.

49. Defendant's actions were willful and with deliberate disregard for the rights of Plaintiff.

50. As a result, Plaintiff was harmed, and continues to be harmed, in that he has suffered economic loss, damage to his professional reputation, emotional distress, and damage to his health.

### COUNT III: Disability Discrimination
**(Michigan Persons with Disabilities Civil Rights Act, M.C.L. § 37.1101 *et seq.*)**

51. Plaintiff adopts the previous paragraphs by reference.

52. At all relevant times, Plaintiff had a "disability" within the meaning of the Michigan Persons with Disabilities Civil Rights Act, MCL § 37.1101, *et. seq.*

53. Plaintiff has a determinable physical characteristic that limits one or more major life activity when Plaintiff experiences flare-ups of his chronic health condition.

54. Defendant was aware of Plaintiff's disability.

55. Plaintiff was otherwise qualified to perform the requirements of his job with reasonable accommodations.

56. Plaintiff requested reasonable accommodations.

57. Defendant failed to engage in the interactive process required under the PDCRA.

58. Plaintiff was denied reasonable accommodations and was subjected to adverse employment actions, including termination, due to his disability.

59. As a result, Plaintiff was harmed, and continues to be harmed, in that he has suffered economic loss, damage to his professional reputation, emotional distress, and damage to his health.

## COUNT IV: Retaliation
**(Michigan Persons with Disabilities Civil Rights Act, M.C.L. § 37.1101 *et seq.*)**

60. Plaintiff adopts the previous paragraphs by reference.

61. At all relevant times, Plaintiff had a "disability" within the meaning of the Michigan Persons with Disabilities Civil Rights Act, MCL § 37.1101, *et. seq.*

9

62. Plaintiff has a determinable physical characteristic that limits one or more major life activity when Plaintiff experiences flare-ups of his chronic health condition.

63. Defendant was aware of Plaintiff's disability.

64. Plaintiff was otherwise qualified to perform the requirements of his job with reasonable accommodations.

65. Plaintiff engaged in protected activity under the PDCRA by disclosing his disability to Defendant and by requesting reasonable accommodations.

66. Defendant terminated Plaintiff in retaliation for engaging in protected activity.

67. As a result, Plaintiff was harmed, and continues to be harmed, in that he has suffered economic loss, damage to his professional reputation, emotional distress, and damage to his health.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff seeks actual damages for humiliation, emotional distress, and lost wages (including front pay, back pay, and benefits), punitive damages, exemplary damages, costs, attorney's fees, and all other relief in law or equity that this Court may deem just and proper.

Respectfully submitted,
BLANCHARD & WALKER, PLLC

/s/ Angela L. Walker
Angela L. Walker (P67625)
Frances J. Hollander (P82180)
Attorneys for Plaintiff
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 663-7550
walker@bwlawonline.com
hollander@bwlawonline.com

Dated:  October 11, 2021

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Jason Beckman, by and through his attorneys, Blanchard & Walker, PLLC, and hereby demands a jury trial in the above-captioned matter.

Respectfully submitted,
BLANCHARD & WALKER, PLLC

/s/ Angela L. Walker
Angela L. Walker (P67625)
Frances J. Hollander (P82180)
Attorneys for Plaintiff
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 663-7550
walker@bwlawonline.com
hollander@bwlawonline.com

Dated:  October 11, 2021

11